**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SOCIAL SECURITY ADMINISTRATION, Petitioner, | DOCKET NUMBER CB-7521-14-0014-B-1 |
| v. | DATE: January 8, 2024 |
| LARRY J. BUTLER, Respondent. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Larry J. Butler, Fort Myers, Florida, pro se.

Jessica V. Johnson and Megan E. Gideon, Atlanta, Georgia, for the petitioner.

Meeka S. Drayton, Esquire, Seattle, Washington, for the petitioner.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The agency has filed a petition for review and the respondent has filed a cross petition for review of the remand initial decision, which found that the agency did not establish good cause to suspend the respondent for 60 days

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

pursuant to 5 U.S.C. § 7521, and that the respondent did not establish his claim of whistleblowing reprisal. For the reasons discussed below, we GRANT both the petition for review and the cross petition for review, VACATE the findings that the agency lacked good cause to suspend the respondent and that the respondent did not establish his whistleblower reprisal claim, and again REMAND the case to the presiding administrative law judge (ALJ) for further adjudication in accordance with this Remand Order.

## BACKGROUND

The relevant facts are largely undisputed. The respondent is employed by the Social Security Administration (SSA or agency) as an ALJ in Fort Meyers, Florida. *Social Security Administration v. Butler*, MSPB Docket No. CB-7521-14-0014-T-1, Initial Appeal File (IAF), Tab 65 at 8; Hearing Transcript (HT) at 401. SSA has a policy of providing services to persons with limited English proficiency. As set forth in SSA's Hearings, Appeals and Litigation Manual (HALLEX) 1-2-6-10, this policy requires, *inter alia*, that the agency will provide an interpreter free of charge to any claimant requesting language assistance. IAF, Tab 72 at 5-6. The respondent was aware of this policy at all relevant times. *See, e.g.*, IAF, Tab 65 at 8; HT at 415.

On April 22, 2014, SSA filed a complaint under 5 U.S.C. § 7521, requesting that the Board find good cause to suspend the respondent for 60 days based on the following charges: (I) failure to follow instructions; (II) failure to follow SSA policy; and (III) conduct unbecoming an ALJ. IAF, Tab 1. Under Charge I, the agency set forth three specifications; namely that the respondent failed to comply with directives by the Hearing Office Chief ALJ (HOCALJ) as follows: (1) an October 31, 2013 directive to rescind his previous denial of Claimant A's interpreter request; (2) a November 13, 2013 directive to complete his review of seven cases in ALJ Pre-Hearing Review (ARPR) status by the close of business on November 22, 2013; and (3) a February 7, 2013 directive to

rescind his previous denials of interpreter requests in the matters involving Claimants B, C, and D. IAF, Tab 1 at 10, Tab 87 at 17-18, Tab 88 at 16-17, Tab 91 at 24-25. Under Charge II, failure to follow SSA policy, the agency alleged that the respondent failed to comply with agency policy when he did not provide an interpreter in the case involving Claimant E. IAF, Tab 1 at 10, Tab 72 at 5-6. Finally, under Charge III, the agency alleged that the respondent engaged in conduct unbecoming an ALJ when, in three other cases, he sent or directed staff to send the claimants and their representatives copies of his objections to management's decision to reassign those cases from his docket. IAF, Tab 1 at 10. The respondent filed an answer in which he asserted numerous defenses including a claim of reprisal for whistleblowing activity. IAF, Tab 15.

Following a hearing, the presiding ALJ issued an initial decision finding that the agency lacked good cause to suspend the respondent. IAF, Tab 109, Initial Decision (ID). In reaching that conclusion, the presiding ALJ first addressed the charges and specifications relating to the policy set forth at HALLEX I-2-6-10. ID at 18-31. He found that HALLEX I-2-6-10, which was not published in the Federal Register, was internal guidance without the force of law and furthermore conflicted with agency regulations at 20 C.F.R. §§ 404.944 and 405.320,[2] which provide that a hearing is open only to the parties and those persons the ALJ deems "necessary and proper." ID at 19-25. In addition, he found that HALLEX I-2-6-10, as applied by the agency, invaded the respondent's judicial function and decisional independence. ID at 25-31. He thus concluded that allegations of misconduct based on the respondent's failure to comply with directives regarding interpreter requests or his failure to comply with HALLEX I-2-6-10 did not constitute good cause to impose discipline. ID at 31.

---

[2] During the pendency of this appeal, SSA amended 20 C.F.R. § 404.944 and removed and reserved part 405, including 20 C.F.R. § 405.320, from the Code of Federal Regulations. Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-01, 90987, 90993-94 (Dec. 16, 2016). We need not address these changes because they do not affect the outcome here.

Accordingly, the presiding ALJ did not sustain Charge II or specification 1 of Charge I. *Id*. He sustained specification 3 of Charge I regarding Claimant C only, finding that regardless of the validity of HALLEX I-2-6-10, the respondent was bound by the agency's Appeals Council's October 31, 2012 remand order to obtain an interpreter if he conducted another hearing in that case. ID at 31-35; IAF, Tab 93 at 16-17. The presiding ALJ also sustained specification 2 of Charge I, concerning the instruction to remove seven cases from ARPR status, but found Charge III unproven.[3] ID at 35-42.

Turning to the respondent's claim of whistleblowing reprisal, the presiding ALJ found the respondent made the following protected disclosures: (1) disclosures to Congress and agency management, starting in March 2012 and continuing throughout that year, regarding claimants' representatives concealing information and evidence, including claimants' ability to communicate in English; (2) complaints about various abuses and violations, including unnecessary costs to agency programs, decisions issued without a complete record, and failing to ensure that the evidence was reliable or valid; and (3) reports to the Office of Inspector General that SSA's inaction in response to his complaints constituted gross mismanagement and abuse of authority. ID at 45-46. However, the presiding ALJ found that the protected disclosures were not a contributing factor in the agency's decision to pursue disciplinary action against the respondent, and that, even if they could be considered a contributing factor, SSA proved by clear and convincing evidence that it would have filed its complaint in the absence of the disclosures. ID at 46-50. The presiding ALJ further found that the respondent's remaining affirmative defenses were either unproven or moot given his findings on the charges. ID at 50-53. Finally, based on his analysis of the *Douglas* factors,[4] the presiding ALJ concluded that SSA did

---

[3] The agency has not sought review of the presiding ALJ's findings concerning Charge III—and so we need not disturb those findings.

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the

not establish good cause to suspend the respondent for 60 days, but was not precluded from issuing a warning, counseling, or reprimand.  ID at 53-67.

Both parties petitioned the Board for review of the initial decision, and the Board issued a nonprecedential order remanding the matter for further adjudication.  *Social Security Administration v. Butler*, MSPB Docket No. CB-7521-14-0014-T-1, Remand Order (Aug. 25, 2016).  As to the charges, the Board found that, contrary to the initial decision, the policy articulated in HALLEX I-2-6-10 and the agency's directives to comply with that policy were binding on the respondent and did not interfere with his judicial independence.  *Id.*, ¶¶ 10-12.  Having so found, the Board proceeded to find that the agency proved Charge II and all three specifications of Charge I, including specification 3 in its entirety.  *Id.*, ¶¶ 13-16.

The Board further found that, contrary to the initial decision, the respondent established that his protected disclosures were a contributing factor in the agency's decision to file a complaint under 5 U.S.C. §7521.  Specifically, the Board found that knowledge of the respondent's disclosures could be imputed to the agency official who signed the complaint, and that the respondent's protected disclosures were sufficiently close in time to satisfy the knowledge/timing test.  T-1 Remand Order, ¶¶ 21-24.  The Board also observed that, in his discussion of the clear and convincing evidence test, the presiding ALJ did not address the factors identified in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), or evaluate all of the pertinent evidence as required under

appropriate penalty for an act of misconduct.  The *Douglas* factors include, *inter alia,* the nature and seriousness of the offense, the employee's past disciplinary record, his potential for rehabilitation, and any mitigating circumstances surrounding the offense. *Id.*  In an original jurisdiction case under 5 U.S.C. § 7521, it is the Board, rather than the employing agency, that selects the appropriate penalty, if any, the agency is authorized to take, and the Board does not give deference to the agency's proposed penalty as it does in a chapter 75 appeal.  *Social Security Administration v. Long,* 113 M.S.P.R. 190, ¶ 47 (2010), *aff'd,* 635 F.3d 526 (Fed. Cir. 2011), *and overruled on other grounds by Department of Health and Human Services v. Jarboe,* 2023 MSPB 22, ¶ 9.  However, the Board uses the *Douglas* factors to guide its good cause penalty determination under section 7521.  *Long,* 113 M.S.P.R. 190, ¶ 47.

*Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). T-1 Remand Order, ¶ 26.

Based on those findings, the Board remanded the matter to the presiding ALJ with instructions to address the *Carr* factors, considering all relevant evidence as required under *Whitmore*, and determine whether the agency proved by clear and convincing evidence that it would have "filed a complaint under 5 U.S.C. § 7521" in the absence of the respondent's protected disclosures. T-1 Remand Order, ¶ 27. The Board further ordered that if the presiding ALJ determined that the agency met its burden of proof on that issue, he should reevaluate whether the agency established good cause for the proposed 60-day suspension. *Id*.

On remand, the presiding ALJ addressed the three *Carr* factors and found that the agency proved by clear and convincing evidence that it would have initiated the complaint against the respondent, regardless of whether the respondent made protected disclosures.[5] *Social Security Administration v. Butler*, MSPB Docket No. CB-7521-14-0014-B-1, Remand File, Tab 10, Remand Initial Decision (RID) at 19-32. The presiding ALJ then turned to the question of whether SSA had demonstrated good cause to suspend the respondent based on the sustained charges and specifications. RID at 34-47. After conducting a new analysis of the *Douglas* factors, the presiding ALJ again concluded that the sustained misconduct did not establish good cause to take an action under 5 U.S.C. § 7521.[6] *Id*.

---

[5] The presiding ALJ further found that the respondent had abandoned his other affirmative defenses and was precluded from reasserting them on remand. RID at 32-33. The respondent does not challenge that finding.

[6] On May 3, 2017, shortly after the issuance of the remand initial decision, the agency filed a second complaint under 5 U.S.C. § 7521, requesting that the Board find good cause to remove the respondent and suspend him from a pay status beginning on the date of the complaint and continuing through the date of a final Board decision. *Social Security Administration v. Butler*, MSPB Docket No. CB-7521-17-0017-T-1. The agency's second complaint was assigned to a different presiding ALJ, who issued an initial decision on December 5, 2023, finding good cause to remove the respondent.

The agency filed a petition for review arguing that the presiding ALJ erred in finding that there was not good cause to suspend the respondent. Remand Petition for Review (RPFR) File, Tab 3. In his cross petition for review, the respondent again argued that HALLEX I-2-6-10 is not binding on him or other ALJs when performing judicial functions. RPFR File, Tab 7 at 5-23. He further argued that, contrary to the remand initial decision, the agency has not shown by clear and convincing evidence that it would have filed its complaint seeking a 60-day suspension in the absence of his protected disclosures. *Id*. at 23-33. The agency responded to the respondent's cross petition. RPFR File, Tab 9. Subsequently, the Board issued a show-cause order directing the parties to file evidence and argument in response to the following question: "Would the agency have filed a complaint under 5 U.S.C. § 7521 seeking the same action, i.e., a 60-day suspension, in the absence of the respondent's protected disclosures?" RPFR File, Tab 14. Both parties responded to the order.[7] RPFR File, Tabs 15-16.

## ANALYSIS

To establish good cause to suspend the respondent, the agency must, *inter alia*, prove by clear and convincing evidence that it would have filed a complaint seeking a 60-day suspension in the absence of the respondent's protected disclosures.

In his cross petition for review, the respondent contends that the presiding ALJ erred in denying his whistleblowing reprisal claim based on a finding that

---

*Social Security Administration v. Butler*, MSPB Docket No. CB-7521-17-0017-T-1, Initial Decision (Dec. 5, 2023).

[7] Following the close of the record on review, the respondent filed a motion for leave to submit additional evidence. RPFR, Tab 18. The evidence in question relates to Executive Order 13,891, entitled "Promoting the Rule of Law Through Improved Agency Guidance Documents." 84 Fed. Reg. 55235 (Oct. 9, 2019). However, Executive Order 13,891 has been rescinded, as has the agency's proposed implementation of that order. Exec. Order No. 13,992, 86 Fed. Reg. 7049 (Jan. 20, 2021); Rescission of Rules on Improved Agency Guidance Documents, 86 Fed. Reg. 20631-01 (Apr. 21, 2021). We find that the respondent's new evidence is not material to the outcome of this appeal, and we therefore DENY his motion.

the agency proved by clear and convincing evidence it would have initiated a complaint under 5 U.S.C. § 7521 in the absence of his whistleblowing. RPFR File, Tab 7 at 25. The respondent argues that the agency instead bears the burden of proving by clear and convincing evidence that, absent his protected disclosures, it would have filed a complaint seeking the same discipline, i.e., a 60-day suspension:

> The question is not whether a whistleblower's conduct could have warranted some lesser level of discipline. A showing with clear and convincing evidence that [agency] managers might have been justified in pursuing a 15-day, a 30-day, a 45-day or even a 59-day suspension—when [the respondent's] protected disclosures are disregarded—will not satisfy the required burden of proof.

*Id.*

We agree. In so doing, we also address an issue of first impression—namely, how and whether the Board should adjudicate a claim of whistleblowing reprisal raised in answer to an agency complaint under 5 U.S.C. § 7521 when the respondent has not pursued the claim by filing an individual right of action (IRA) appeal pursuant to 5 U.S.C. § 1221. *Cf. Social Security Administration v. Carr*, 78 M.S.P.R. 313, 334-38, 343-44 (1998) (adjudicating the respondent's whistleblowing reprisal claim as an affirmative defense to a complaint under 5 U.S.C. § 7521 which had been joined with the respondent's IRA appeals, one of which alleged that the complaint was the result of whistleblowing reprisal), *aff'd*, 185 F.3d 1318 (Fed. Cir. 1999).

Typically, the Board adjudicates a claim of whistleblowing reprisal in one of two scenarios. First, an employee, former employee, or applicant who believes the agency took or failed to take, or threatened to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a)(2)(A) in violation of 5 U.S.C. § 2302(b)(8) or (9)(A)(i), (B), (C), or (D), may file a complaint with the Office of Special Counsel (OSC). 5 U.S.C. § 1214(a)(1). If, after receiving such a complaint, OSC notifies the individual that its investigation has been terminated

or if, after 120 days from the filing of the complaint, OSC has not provided notice that it will seek corrective action on the individual's behalf, the individual may then seek corrective action with the Board. *See* 5 U.S.C. §§ 1214(a)(3), 1221(a). In such a case, the Board proceeding is known as an IRA appeal. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 7 (2016). Alternatively, an employee, former employee, or applicant who has the right to appeal a contested action directly to the Board may seek corrective action with the Board without first filing a complaint before OSC. 5 U.S.C. § 1221(b). In such a case, the Board will consider the claim of whistleblowing reprisal as an affirmative defense to the action on appeal. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013).

Here, the respondent contends that the agency retaliated against him for protected disclosures under 5 U.S.C. § 2302(b)(8) when it filed its complaint seeking the Board's approval to impose a 60-day suspension. While the filing of the complaint does not itself constitute a personnel action as defined at 5 U.S.C. § 2302(a)(2)(A),[8] it may be understood as a threat or proposal to take such an action, i.e., the requested 60-day suspension. *See* 5 U.S.C. § 2302(a)(2)(A)(iii) (defining a personnel action to include, *inter alia*, "an action under chapter 75 of

_____

[8] Section 2302(a)(2)(A) defines the term "personnel action" to include the following: "(i) an appointment; (ii) a promotion; (iii) an action under chapter 75 of this title or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under chapter 43 of title 5 or under title 38; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in in this subparagraph; (x) a decision to order psychiatric testing or examination; (xi) the implementation or enforcement of any nondisclosure policy, form, or agreement; and (xii) any other significant change in duties, responsibilities, or working conditions; with respect to an employee in, or applicant for, a covered position in an agency, and in the case of an alleged prohibited personnel practice described in subsection (b)(8), an employee or applicant for employment in a Government corporation as defined in section 9101 of title 31." In addition, under the Dr. Chris Kirkpatrick Whistleblower Protection Act of 2017, Pub. L. No. 115-73, § 103, 131 Stat. 1235 (codified at 5 U.S.C. § 2302(b)(14)), it is a prohibited personnel practice to access an employee's medical records in furtherance of whistleblower retaliation.

this title or other disciplinary or corrective action"); 5 U.S.C. § 7521(b) (including suspensions among the "actions" covered by the section); *Carr,* 78 M.S.P.R. at 343-44 (characterizing the agency's complaint under 5 U.S.C. § 7521 as a proposed removal); *cf. Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 25 (2004) (characterizing a notice of proposed removal as a "threatened personnel action" under 5 U.S.C. § 2302(a)(2)(A)(iii) and (b)(8)).[9] Thus, the respondent could have pursued his whistleblowing claim by filing a complaint with OSC under 5 U.S.C. § 1214(a)(1), potentially to be followed by an IRA appeal pursuant to 5 U.S.C. § 1214(a)(3) and 1221(a). *See Carr,* 78 M.S.P.R. at 343-44.

However, the respondent in this case has not sought corrective action before OSC or filed an IRA appeal pursuant to 5 U.S.C. § 1221(a). In that respect, this case differs from *Carr*, in which the agency's complaint was joined with an IRA appeal in which the respondent alleged that the agency's complaint was the result of whistleblowing reprisal. *See* 78 M.S.P.R. at 343-44. Section 1221(b) is likewise inapplicable, because this case was initiated by the agency, not the respondent, and lies entirely within our original jurisdiction. 5 C.F.R. §§ 1201.1-1201.3 (distinguishing the Board's appellate jurisdiction from its original jurisdiction, which includes actions taken against ALJs under 5 U.S.C. § 7521). The agency has not yet imposed the suspension it seeks approval to impose, and there is no matter before us that the respondent may appeal directly to the Board under any law, rule, or regulation. *See Social Security Administration v. Dantoni*, 77 M.S.P.R. 516, 521, *aff'd*, 173 F.3d 435 (Fed. Cir. 1998) (Table); *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that allegations of prohibited personnel practices under 5 U.S.C. § 2302(b) are generally not an independent source of Board jurisdiction), *aff'd*,

---

[9] In an apparent typographical error, *Grubb* refers to "5 U.S.C. § 2302(a)(2)(iii)" instead of 5 U.S.C. § 2302(a)(2)(A)(iii).

681 F.2d 867, 871-73 (D.C. Cir. 1982).[10]  Thus, 5 U.S.C. § 1221 does not apply directly to this case.  The same is also true of our implementing regulations at 5 C.F.R. part 1209, which are limited in scope to appeals and stay requests filed by an employee, former employee, or applicant for employment.  *See* 5 C.F.R. § 1209.1.

This does not mean, however, that we lack authority to review the merits of the respondent's whistleblowing claim.  Section 7521(a) generally provides that an agency may take an adverse action against an ALJ "only for good cause established and determined by the [Board]."  Congress has not defined the term "good cause" for purposes of section 7521, and the Board has adopted a flexible approach in which good cause is defined according to the individual circumstances of each case.  *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 5 (2013), *aff'd sub nom. Berlin v Department of Labor*, 772 F.3d 890 (Fed. Cir. 2014).  Here, we find the respondent's allegations of whistleblowing reprisal are a pertinent consideration in determining whether the agency has shown good cause to impose the requested 60-day suspension.[11]  Indeed, it is difficult to imagine a scenario in which the Board would find good cause to impose discipline against an ALJ pursuant to a complaint that was the result of prohibited whistleblowing reprisal, even if the proven charges would otherwise warrant the

---

[10] Similarly, because the Board's appellate procedures under 5 U.S.C. § 7701 do not apply to original jurisdiction cases under 5 U.S.C. § 7521, *see Dantoni*, 77 M.S.P.R. at 521, the respondent's whistleblowing claim does not fall within the scope of section 7701(c)(2)(B), which provides that an appealable action will not be sustained when the appellant establishes that the agency's decision was the result of a prohibited personnel practice under section 2302(b).

[11] In an ordinary adverse action appeal, the Board will consider an affirmative defense of whistleblowing reprisal as a matter distinct from whether the agency has proven its case, i.e., shown by preponderant evidence that the action promotes the efficiency of the service.  *See, e.g., Shibuya*, 119 M.S.P.R. 537, ¶ 19.  However, the good cause standard is distinct from the efficiency of the service standard and does not require an identical analysis.  *See, e.g., Long,* 113 M.S.P.R. 190, ¶ 46 (holding that the Board does not undertake a separate analysis of nexus in a complaint under 5 U.S.C. § 7521).

requested penalty. Thus, the respondent's whistleblowing reprisal claim may fairly be described as an "affirmative defense." *See Carr*, 78 M.S.P.R. at 334.

Furthermore, while 5 U.S.C. § 1221 does not apply directly to this case, the respondent's claim nonetheless lies within the broader scope of the Whistleblower Protection Act. *See* Pub. L. No. 101-12, § 4, 103 Stat. 16 (Apr. 10, 1989) (amending 5 U.S.C. § 2302(b)(8) to prohibit an agency from "threaten[ing] to take" a personnel action because of a protected disclosure). Accordingly, it should be considered in a manner consistent with the Act's stated purpose, which is "to strengthen and improve protection for the rights of Federal employees, to prevent reprisals, and to help eliminate wrongdoing within the Government[.]" *Id.*, § 2(b). We find it best suits that purpose to apply the same evidentiary framework of 5 U.S.C. § 1221 and our implementing regulations at 5 C.F.R. part 1209, subpart B, in assessing the merits of the respondent's claim of whistleblowing reprisal.

Under that framework, the Board first determines whether the appellant—or, as in this case, the respondent—has established by preponderant evidence[12] that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C) or (D). *See* 5 U.S.C. § 1221(e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); 5 C.F.R. § 1209.7(a). Next, the Board determines whether the protected disclosure or protected activity was a contributing factor in the personnel action that was threatened, proposed, taken, or not taken. *See* 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 5; 5 C.F.R. § 1209.7(a). If the respondent makes both of these showings by preponderant evidence, the burden of persuasion shifts to the agency to demonstrate by clear and convincing evidence[13] that it would have threatened, proposed, taken, or not taken the same personnel action in the absence of the disclosure or other protected activity. *See*

---

[12] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

5 U.S.C. § 1221(e)(2); *Salerno*, 123 M.S.P.R. 230, ¶ 5; 5 C.F.R. § 1209.7(b); *see also Carr*, 185 F.3d at 1322.

In determining whether an agency has met its burden by clear and convincing evidence, the Board will consider all of the relevant factors, including the following "*Carr*" factors: (1) The strength of the agency's evidence in support of the personnel action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323; *Soto* v. *Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11. The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but instead weighs the factors together to determine if the evidence is clear and convincing as a whole. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 42 (2016). The U.S. Court of Appeals for the Federal Circuit has further clarified that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore*, 680 F.3d at 1368.

We agree with the respondent that the agency cannot meet its burden merely by showing that it would have sought some disciplinary action against him absent his whistleblowing. Rather, the agency must establish that it would have filed a complaint seeking to impose the *same* personnel action, i.e., a 60-day suspension, in the absence of the respondent's protected disclosures. In the event the agency fails to make that showing by clear and convincing evidence, the Board will not find good cause to impose the requested 60-day suspension, even if the record might otherwise support a finding of good cause. *See Whitmore*, 680 F.3d at 1374 (observing that "[t]he whistleblowing statute is clear that even

---

[13] Clear and convincing evidence is that measure or degree of proof that produces in the mind of a trier of fact a firm belief as to the allegations sought to be established. 5 C.F.R. § 1209.4(e).

where the charges have been sustained and the agency's chosen penalty is deemed reasonable, the agency must still prove by clear and convincing evidence that it would have imposed the *exact same penalty* in the absence of the protected disclosures") (emphasis in the original).

We remand the case to the presiding ALJ for a corrected analysis of the *Carr* factors.

In the Board's previous Remand Order, the Board directed the presiding ALJ to evaluate whether, in light of *Carr* and *Whitmore*, the agency proved by clear and convincing evidence that it would have "filed a complaint under 5 U.S.C. § 7521" absent the respondent's protected disclosures.  T-1 Remand Order, ¶ 27.  The presiding ALJ addressed that question and answered in the affirmative.  However, this was not a correct statement of the agency's burden of proof.  We therefore find it necessary to conduct a new analysis of the *Carr* factors, consistent with *Whitmore*, tailored to the question of whether the agency met its burden concerning the specific personnel action at issue, i.e., the requested 60-day suspension.

To that end, the Board issued a show-cause order, dated June 13, 2018, directing the parties to file evidence and argument in response to the following question:  "Would the agency have filed a complaint under 5 U.S.C. § 7521 seeking the same action, i.e., a 60-day suspension, in the absence of the respondent's protected disclosures?"  RPFR File, Tab 14.  Both parties responded.  RPFR File, Tabs 15-16.  In its response, however, the agency did not answer the question posed, but argued more generally that it would have "filed a complaint under 5 U.S.C. § 7521" in the absence of the respondent's whistleblowing.  RPFR File, Tab 15 at 4.

Under these circumstances, we find it appropriate to remand the case again to the presiding ALJ for further development of the record, if necessary, and a finding as to whether the agency proved by clear and convincing evidence that it would have filed a complaint seeking a 60-day suspension absent the respondent's

15

protected disclosures. *See Shibuya,* 119 M.S.P.R. 537, ¶ 37 (finding that the administrative judge was in the best position to conduct a revised *Carr* factors analysis, having heard the live testimony and made credibility determinations).

<u>In the event the agency shows by clear and convincing evidence that it would have filed a complaint seeking a 60-day suspension in the absence of the respondent's protected disclosures, the presiding ALJ should find good cause to impose the requested penalty.</u>

Because it has yet to be determined whether the respondent has established his claim of whistleblowing reprisal, we do not make a final determination as to whether the agency has established good cause to impose a 60-day suspension. However, in the event the presiding ALJ finds the agency has met its burden under *Carr,* the ALJ should make a new determination of the appropriate penalty in accordance with the discussion below.

Regarding the nature and seriousness of the offense, we agree with the presiding ALJ that the respondent's failure to comply with the directives at issue in specifications 1 and 3 of Charge I should be considered in light of the controversial legal status of HALLEX I-2-6-10. RID at 36. While we have found that the respondent was indeed bound by HALLEX I-2-6-10, this does not preclude us from acknowledging that he had sincere and educated doubts about the validity of the policy, and that his conduct, though repeated and intentional, was not malicious or motivated by personal gain.[14]

Nonetheless, it is well established that ALJs may be disciplined for failure to comply with instructions that are unrelated to their decisional independence, as we have found to be the case with the directives at issue here. *See Abrams v. Social Security Administration,* 703 F.3d 538, 545 (Fed. Cir. 2012). In any event, the respondent's doubts concerning the interpreter policy have no bearing on his failure to comply with the directive at issue in specification 2 of Charge I.

_____

[14] The presiding ALJ was himself entitled to respectfully express his continued reservations about HALLEX I-2-6-10, and we find he did so without defying our remand instructions or departing from the law of the case.

Considering as well that the respondent's failure to comply with instructions was repeated and led to the filing of complaints against the agency, we find the presiding ALJ underestimated the seriousness of the offense. *See Social Security Administration v. Manion*, 19 M.S.P.R. 298, 301-03 (1984) (finding a suspension penalty warranted for an ALJ's adamant refusal to set or conduct hearings "until matters involving the use of clerical and support personnel [were] resolved to his satisfaction"; the proven charge was a serious offense, especially given that, as an ALJ, the respondent "occupie[d] a high and prominent federal office, one requiring that its incumbents conduct themselves in a fitting manner").

The presiding ALJ also erred in finding that the respondent had no prior discipline. RID at 37. The record reflects that on November 19, 2013, the respondent received a written reprimand for his failure to comply with previous directives by the HOCALJ to rescind his decision to deny interpreters to the three claimants referenced in Charge III. IAF, Tab 93 at 20-23. To the extent the respondent contends the reprimand was itself the result of reprisal for his protected disclosures, that allegation may be of relevance in assessing the *Carr* factors. *Cf. Whitmore*, 680 F.3d at 1376 (finding that the administrative judge erred in failing to consider whether the conduct upon which the appellant's removal was premised might not have occurred but for the agency's retaliatory actions creating a hostile work environment). However, for purposes of determining an appropriate penalty, the Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). We find that these requirements are satisfied, and that the presiding ALJ erred in considering the respondent's disciplinary record as a mitigating factor. For the same reason, he also erred in

finding that a suspension would be contrary to a policy of progressive discipline.[15] RID at 46-47. We instead conclude that, absent a finding of whistleblowing reprisal, the *Douglas* factors would support a finding of good cause to impose a 60-day suspension.

## ORDER

For the reasons discussed above, we remand this case to the presiding ALJ for further adjudication in accordance with this Remand Order. The presiding ALJ may, at his discretion, reopen the record for further development, including a supplemental hearing if necessary. In the event the presiding ALJ finds that the agency did not establish by clear and convincing evidence that it would have filed a complaint seeking a 60-day suspension in the absence of the respondent's protected disclosures, he should deny the complaint. In the event the presiding ALJ finds that the agency has met its burden under the clear and convincing evidence test, he should find that the agency has shown good cause to suspend the respondent for 60 days.

FOR THE BOARD: _____

*Jennifer Everling*

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

---

[15] Because the directives at issue in the reprimand were not the same as those at issue in the agency's complaint, we find no merit to the respondent's suggestion that the proposed 60-day suspension would constitute double punishment. *See Bowen v. Department of the Navy*, 112 M.S.P.R. 607, ¶ 13 (2009), *aff'd*, 402 F. App'x 521 (Fed. Cir. 2010).