# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREW  RAMSEY ,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-22-0168-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: March 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Georgia A. Lawrence</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Aundrea M. Snyder</u>, Esquire, Anniston, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his demotion.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The agency demoted the appellant from his position as a GS-13 Safety and Occupational Health Manager to a nonsupervisory GS-12 position based on three charges. Initial Appeal File (IAF), Tab 4 at 11-13, 78-81. Charge (1) averred that the appellant failed to adequately perform his supervisory duties regarding the time and attendance of two subordinates. *Id.* at 12, 78-79. Charge (2) concerned the appellant's alleged unbecoming conduct that gave the appearance of an improper relationship with a subordinate employee. *Id.* at 12, 79-80. Charge (3) concerned the appellant's lack of candor when asked about his relationship with the subordinate. *Id.* at 12-13, 80-81.

After holding the requested hearing, the administrative judge found that the agency met its burden of proof concerning the charges, nexus, and penalty and that the appellant failed to meet his burden concerning his affirmative defenses of sex-based and race-based discrimination and retaliation for equal employment opportunity (EEO) activity. IAF, Tab 26, Initial Decision (ID) at 3-29. The appellant has filed a petition for review, in which he challenges virtually all the administrative judge's findings. Petition for Review (PFR) File, Tab 3 at 5-13. The agency has responded in opposition to the petition for review. PFR File, Tab 5.

Regarding the appellant's challenges to the administrative judge's factual findings, the administrative judge properly evaluated the hearing testimony and

made credibility determinations in accordance with the standards set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).  ID at 17-19, 22.  The appellant has not identified a sufficiently sound reason for disturbing these findings.[2]  PFR File, Tab 3 at 6-9; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so).  The appellant also argues that the administrative judge's legal analysis was conclusory and vague — particularly regarding charges (2) and (3) — because she did not explicitly address what the appearance of an improper relationship was, to whom the appearance was created, and what statements lacked candor.  PFR File, Tab 3 at 9.  We disagree; this information is clearly set forth in the agency's charges and thoroughly addressed in the initial decision.[3]  IAF, Tab 4 at 79-81; ID at 14-22.  The appellant has not shown why we should disturb the initial decision in this regard.[4]  *Crosby v. U.S. Postal Service*,

_____

[2] In his petition for review, the appellant cites, among other things, *Connolly v. Department of Justice*, 766 F.2d 507, 512 (Fed. Cir. 1985) for the proposition that the Board's authority to review an initial decision is "plenary."  PFR File, Tab 3 at 6.  In doing so, he ignores the U.S. Court of Appeals for the Federal Circuit's qualifier:  "with deference of course to the presiding official on any issues of credibility."  *Connolly*, 766 F.2d at 512.

[3] Regarding the second charge of conduct unbecoming, the Board has held that unbecoming conduct includes conduct which was improper, unsuitable, or that detracted from one's character or reputation.  *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 42 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011) *and overruled on other grounds by Department of Health and Human Services v. Jarboe*, 2023 MSPB 22.  Although not specifically defined by the administrative judge, she correctly found that the appellant's conduct fell within that broad label.

[4] The appellant also suggests — for the first time on review — that a delay by the agency in proposing discipline for the lax oversight of his subordinates' time and attendance shows that the charge was "pretextual."  PFR File, Tab 3 at 7.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Clay v. Department of the Army*, 123 M.S.P.R. 245,

74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant also challenges the administrative judge's findings as to nexus and penalty. PFR File, Tab 3 at 9-10. He argues that the administrative judge did not analyze the nexus between his off-duty conduct of having lunch and going to a motel with a subordinate and the efficiency of the service.[5] *Id.* To the extent that the administrative judge's nexus analysis was incomplete, we supplement that analysis and find that any error did not prejudice the appellant's substantive rights. ID at 22-23. The agency proved that the apparent relationship negatively affected interactions in the workplace. IAF, Tab 9 at 34-35, 54, Tab 24, Hearing Recording (testimonies of Safety Specialist, Explosives; Safety Specialist; and Engineering Technician). Thus, the nexus between the conduct and the efficiency of the service is clear. *See Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987) (stating that an agency may show a nexus linking an employee's off-duty misconduct with the efficiency of the service by showing that the misconduct affects the employee's or his coworkers' job performance, or management's trust and confidence in the employee's job performance). Regarding the penalty, the appellant argues that a demotion is too harsh; however, his disagreement with the penalty does not demonstrate any legal or factual error

_____

¶ 6 (2016). The appellant has not shown why he could not have raised this argument below. In any event, the appellant has not shown that, under the circumstances, the agency's delay in discovering the time and attendance issues was suspicious or undermines the agency's charge in any way.

[5] Although the appellant was on leave at the time of the conduct, he allowed his subordinate employee not to take leave. IAF, Tab 4 at 80; ID at 14.

by the administrative judge.[6]  PFR File, Tab 3 at 10; ID at 23-25; 5 C.F.R. § 1201.115.

Lastly, the appellant renews his claims of race-based and sex-based discrimination and retaliation for EEO activity.  PFR File, Tab 3 at 10-13. Applying the standard set forth by the Board in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), the administrative judge found that the appellant failed to prove by preponderant evidence that a prohibited consideration was a motivating factor in the agency's demotion action.  ID at 25-29.  We find no basis on which to reverse the administrative judge's findings on these claims.  Because the appellant did not show that discrimination or retaliation was a motivating factor in the action, we do not reach the question as to whether he proved that a prohibited consideration was a but-for cause of the action.  *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[6] In arguing that the penalty was too harsh, the appellant contends, among other things, that there was insufficient evidence of an improper relationship with his subordinate to sustain the lack of candor charge.  PFR File, Tab 3 at 10.  The administrative judge found that the appellant's denial of an improper relationship was unconvincing in the face of the credible testimony of the agency's witnesses and the clear facts to the contrary.  ID at 18-19.  We discern no reason to disturb the administrative judge's credibility findings in this regard.  *See Haebe*, 288 F.3d at 1301.  Thus, this argument is unavailing.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.