# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ELIZABETH A. LATIMER,<br>        Appellant, | DOCKET NUMBER<br>DC-0351-18-0449-I-1 |
| v. | |
| CORPORATION FOR NATIONAL<br>   AND COMMUNITY SERVICE,<br>        Agency. | DATE: May 17, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>E. Neal</u>, Esquire, Annapolis, Maryland, for the appellant.

<u>Diane Bradley</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's separation through reduction in force (RIF) procedures. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this appeal to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency separated the appellant from her AmeriCorps Volunteers in Service to America Publication Specialist position through RIF procedures. Initial Appeal File (IAF), Tab 9 at 23-26. The separation notice informed the appellant that she could challenge her separation by filing a grievance in accordance with the applicable collective bargaining agreement between the agency and the union representing the appellant and that the grievance procedure was the exclusive remedy for challenging the RIF action. *Id*. at 24. However, the notice also informed the appellant that, in lieu of filing a grievance, she could initiate a discrimination complaint under the equal employment opportunity (EEO) procedures if she believed that the separation was taken against her because of her race, color, sex, national origin, disability, religion, age, or prior EEO activity. *Id*. The appellant filed an EEO complaint. IAF, Tab 1 at 11-12. The agency issued a final agency decision (FAD) finding no discrimination, and informing the appellant that she could file an appeal with the Board. *Id*. at 11-16.

The appellant timely appealed the separation to the Board, alleging that the agency denied her substantive RIF rights, committed harmful procedural error, and engaged in disparate treatment and disparate impact discrimination on the bases of race, gender, and age.[2] *Id*. at 3. Initially, she requested a hearing. *Id*. at 2. However, during the proceedings before the administrative judge, through counsel, the appellant withdrew her hearing request. IAF, Tab 25 at 2.

The administrative judge issued an initial decision sustaining the separation by RIF and finding that the appellant was not denied priority reemployment or priority consideration for another position following her separation. IAF, Tab 61, Initial Decision (ID) at 5-13. The administrative judge also found that the appellant failed to prove her affirmative defenses. ID at 3-17.

---

[2] The appellant retired on the effective date of her separation. IAF, Tab 23 at 4. The appellant's retirement does not divest the Board of jurisdiction over the merits of the appeal. 5 U.S.C. § 7701(j); *Farooq v. Corporation for National and Community Service*, 109 M.S.P.R. 73, ¶ 8 (2008).

In her petition for review, the appellant contends that the administrative judge erred in his substantive findings regarding the propriety of the agency's RIF action. Petition for Review (PFR) File, Tab 1 at 5-7. The appellant also argues that the administrative judge compelled her to withdraw her request for a hearing and that he erred in his procedural and evidentiary rulings. *Id*. at 9-27. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the response. PFR File, Tabs 3, 14.

## ANALYSIS

The Board has jurisdiction over this appeal under 5 U.S.C. § 7121(d).

It is clear that the appellant was covered by the terms of the collective bargaining agreement and that the agreement explicitly makes the negotiated grievance procedure the appellant's exclusive route to challenge the RIF. IAF, Tab 8 at 12, 16. However, 5 U.S.C. § 7121(d) provides, in relevant part, that an aggrieved employee affected by unlawful discrimination addressed in 5 U.S.C. § 2302(b)(1) may raise the matter under a negotiated grievance procedure or under a statutory procedure, but not both. In addressing that provision, the Board has held that when an appellant is covered by a collective bargaining agreement that does not specifically exclude RIF actions, the negotiated grievance procedure is the exclusive procedure for resolving the challenge to the RIF action, except when the appellant claims discrimination. *Cooper v. Department of Defense*, 98 M.S.P.R. 313, ¶ 7 (2005); *see* 5 U.S.C. § 7121(d). As noted, here the appellant alleged unlawful discrimination and thus the negotiated grievance procedure was not the exclusive procedure for resolving a challenge to the RIF action.

Because the appellant filed an EEO complaint of a matter that constitutes an otherwise appealable action and alleged discrimination, her appeal was properly processed as a mixed-case appeal. 5 C.F.R. §§ 1201.151-.157; 29 C.F.R. § 1614.302. When an employee files a timely mixed-case complaint with her

employing agency, the agency must provide the employee with notice of her right to file an appeal with the Board when it issues the FAD. 29 C.F.R. § 1614.302(d)(3). The agency issued a FAD on March 28, 2018, informing the appellant of her right to file a Board appeal. IAF, Tab 1 at 16. The appellant's timely appeal from the FAD is thus properly before the Board under 5 U.S.C. § 7121(d). *See Cooper*, 98 M.S.P.R. 313, ¶ 11.

<u>The appellant is entitled to a hearing on her discrimination claims and the merits of the RIF action.</u>

As noted previously, the appellant contends on review that she was improperly deprived of the hearing that she requested. PFR File, Tab 1 at 9-11. For the reasons set forth below, we agree. We first address her entitlement to a hearing on her discrimination affirmative defenses and then her entitlement to a hearing on the merits of her appeal.

We start by observing, as the administrative judge did in his October 30, 2018 Close of Record Order, that the appellant failed to submit prehearing submissions. IAF, Tab 25 at 1. The administrative judge then stated "[i]n lieu of proceeding to hearing solely on the merits of the agency's action, appellant's counsel withdrew the hearing request and elected for an adjudication on the written record of both the agency's action and the previously-asserted affirmative defenses." *Id*. at 2. The administrative judge then stated that the hearing was canceled. *Id*.

While not specifically stated in the administrative judge's order, implicit in the ruling is that, because the appellant failed to file a prehearing submission identifying witnesses and exhibits that would support her discrimination claims, those claims would not be addressed at the hearing. IAF, Tab 25. The administrative judge thus precluded the appellant from a hearing on her discrimination allegations. At issue, therefore, is whether the administrative judge's ruling depriving the appellant of a hearing on her discrimination claims was an abuse of discretion.

The issue of when an administrative judge must hold a hearing on a discrimination claim raised in connection with an otherwise appealable action has a complex history before the Board that is set forth in *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶¶ 24-29 (2017). As explained in *Sabio*, an administrative judge is required to hold a hearing on a discrimination claim raised in connection with an otherwise appealable action when the appellant's factual allegations in support of a discrimination claim, taken as true, could support an inference that the agency's action was discriminatory. *Sabio*, 124 M.S.P.R. 161, ¶ 28; *see* Fed. R. Civ. P. 12(b)(6).[3]

Here, the appellant made the following factual allegations of race, sex, and age discrimination in her EEO complaint that formed the basis of her mixed-case appeal to the Board. IAF, Tab 1, Tab 9 at 12. She alleged that she was a 62 year-old, African-American female who had worked for the agency as Publication Specialist for nearly 11 years and that in 2007, an agency manager began reassigning some of her marketing and outreach duties to two newly hired, younger, less-experienced Caucasian employees. IAF, Tab 9 at 12. She alleged that the reassignment of duties led to her being subjected to the RIF and forced to accept early retirement. *Id*. She also alleged that she was subjected to age-related comments when a younger Caucasian colleague wrote on her birthday card "You're getting old," and, during a meeting to discuss her performance, her supervisor hinted that at her age she should consider retirement. IAF, Tab 9 at 14.

Taking the appellant's allegations as true supports an inference that the agency's separation of her by RIF was discriminatory. Thus, the allegations of discrimination presented in her appeal, even in the absence of other evidence,

---

[3] The Federal Rules of Civil Procedure are not controlling but may be used as a general guide in proceedings before the Board. *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 10 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011), *and overruled on other grounds by Department of Health and Human Services v. Jarboe*, 2023 MSPB 22. The Board in *Sabio* addressed the application of the Federal Rules regarding summary judgment and failure to state a claim in some depth. *Sabio*, 124 M.S.P.R. 161, ¶ 27.

including prehearing submissions, are sufficient to conclude that the allegations cannot be dismissed. Accordingly, the appellant is entitled to a hearing on her discrimination claims.[4]

As noted above, the appellant is also entitled to a hearing on the merits of the agency's RIF action. Under 5 U.S.C. § 7701(a), an appellant before the Board in an appeal of an adverse action has a right to a hearing. Although such right is subject to waiver, the policy considerations in favor of a hearing are so strong that an appellant may only waive the right by clear, unequivocal, or decisive action. *Gallegos v. Federal Deposit Insurance Corporation*, 90 M.S.P.R. 159, ¶ 8 (2001); *Conant v. Office of Personnel Management*, 79 M.S.P.R. 148, 150 (1998). Further, the decision to withdraw a hearing request must be informed, i.e., the appellant must be fully apprised of the relevant adjudicatory requirements and options. *Pariseau v. Department of the Air Force*, 113 M.S.P.R. 370, ¶ 9 (2010).

The record here does not support a finding that the appellant waived her right to a hearing on the merits of the RIF action by knowingly taking a clear, unequivocal, or decisive action. The administrative judge characterized the discussion during the prehearing conference as a withdrawal. IAF, Tab 25 at 2. There is, however, no written withdrawal in the record, and the administrative judge's comments are so abbreviated that it is impossible to ascertain whether he fully apprised the appellant of the relevant adjudicatory requirements and options in her case. IAF, Tab 25.

We do not intend to imply that the appellant handled her appeal flawlessly. She failed to meet the deadline to file prehearing submissions.[5] However, considering all the circumstances here, we are compelled to resolve any doubts in the appellant's favor and to provide her with an opportunity for a hearing on the

---

[4] The nature and extent of any hearing depends, among other things, on the approved witnesses and the documentary evidence in the record.

[5] The appellant is reminded that she must comply with the instructions and deadlines set by the administrative judge and that she fails to do so at her peril.

merits of the agency's RIF action. *See Sabio*, 124 M.S.P.R. 161, ¶ 28; *Pariseau*, 113 M.S.P.R. 370, ¶ 9.

Accordingly, on remand the administrative judge shall afford the appellant the opportunity for a hearing on the merits of her appeal and on her affirmative defenses. As noted, the appellant failed to provide a prehearing submission identifying requested witnesses by the deadline set by the administrative judge. IAF, Tab 25. On remand, the administrative judge must determine whether the appellant's single failure to timely file prehearing submissions warrants barring the appellant from presenting witnesses or documentary evidence at the hearing. In making this finding, the administrative judge should be guided by Board decisions such as *Ellshoff v. Department of the Interior*, 78 M.S.P.R. 615, ¶ 5 (1998).

The administrative judge erred by not allowing the appellant's submission of the deposition transcripts.

In the October 30, 2018 Close of Record Order discussed above, the administrative judge informed the parties that close of record responses were due no later than November 16, 2018, and that the record would close on that date. IAF, Tab 25 at 3. The agency complied with that deadline, submitting numerous documents into the record. IAF, Tabs 35-36, 46-49, 51-52. On November 16, 2018, the appellant filed a motion for an extension of time to file her closing submission, contending that she had been unable to obtain transcripts of the depositions of current or former agency employees she conducted. IAF, Tab 44 at 6.

The appellant explained that she deposed the witnesses between October 16, 2018, and November 1, 2018, and that she submitted audio-recordings of the depositions to a transcription company located in California.[6]

---

[6] In an October 15, 2018 order, the administrative judge overruled the agency's objection and approved the audio-recording of the appellant's depositions. IAF, Tab 15 at 1. The administrative judge further ruled that if the appellant wanted to use the deposition testimony to impeach or rehabilitate a witness, she had to have the transcript

*Id.* at 5-6. According to the appellant, the transcription company indicated that "wildfires created an unforeseeable hardship" that contributed to the company's failure to timely deliver the transcripts. *Id.* at 6. The appellant provided a copy of an email purportedly from the transcription company apologizing for the delay in delivering the transcripts and stating that the delay was "because of the wildfires." *Id.* at 12. The agency objected to the motion for an extension of time. IAF, Tab 45. Thereafter, on November 27, 2018, the appellant moved to file a surrebuttal with the transcripts of the depositions, and the agency moved to strike the submission. IAF, Tabs 53, 54. In a December 6, 2018 order, the administrative judge ordered the over 1,000 pages of deposition transcripts submitted by the appellant struck from the record, finding that he had previously made clear that the record would close on November 16, 2018, and that the transcripts were not new or previously unavailable information within the meaning of the Board's regulations. IAF*,* Tab 55.

On review, the appellant argues that the administrative judge erred in striking the transcripts from the record and that the delay in submission of the transcripts was beyond her control. PFR File, Tab 1 at 16. The Board's regulations provide that once the record closes in an appeal, additional evidence or argument will ordinarily not be accepted unless it was not readily available before the record closed. 5 C.F.R. § 1201.59(c). In finding that the late-filed transcripts were not new or previously unavailable, the administrative judge criticized the appellant's attorney's handling of the appeal, noting the unorthodox step of audio-recording the depositions and then having them transcribed and also noting that it was unclear whether the attorney acted prudently in arranging for the transcription. IAF, Tab 55 at 3.

We agree that the appellant's attorney's conducting of the depositions was not ideal, but because the audio-recording of depositions is allowed by the Federal Rules of Civil Procedure*,* Fed. R. Civ. P. 30(b)(3)(A), and the

_____

of the deposition available. *Id.* at 1-2.

administrative judge approved the plan to have the depositions audio-recorded and then transcribed, IAF, Tab 15, we cannot hold the use of that process against the appellant. Rather, we must consider all of the circumstances to determine whether the appellant acted diligently in her efforts to submit the depositions to the Board in a timely fashion.

The record shows that the appellant's attorney's office was in contact with the transcription company on November 1, 2018, IAF, Tab 40 at 24, and paid for the use of the company's services on November 2, 2018, *id*. at 28. While the transcription company apparently promised a rapid turnaround, the company informed the appellant's attorney on November 16, 2018, that there would be a delay in delivering the transcripts and that the delay was caused by wildfires in California. IAF, Tab 44 at 12. That same day, the appellant filed a motion for an extension of time to file her close of record submission. *Id*. at 4-8. The Board has held that an unexpected disaster constitutes good cause for a delay in filing a submission. *See Pignataro v. Department of Veterans Affairs,* 104 M.S.P.R. 563, ¶ 12 (2007) (finding that a hurricane and the appellant's hospitalization excused her failure to timely file a prehearing submission); *Del Marcelle v. Department of the Treasury*, 59 M.S.P.R. 251, 253 n.1 (1993) (excusing an untimely filed response to a petition for review caused by a flood which resulted in the loss of power to the agency facility). As in the cited cases, the appellant's delay in submitting the transcripts was caused by unforeseeable events completely out of the appellant's control. Thus, we find that the administrative judge should have granted the appellant's request for an extension of time to submit the deposition transcripts. Because the transcripts should have been admitted into evidence below, on remand, the administrative judge should afford the appellant a reasonable opportunity to submit the transcripts into the record.

<u>We need not decide whether the administrative judge abused his discretion by setting a discovery schedule.</u>

On review, the appellant complains that the administrative judge abused his discretion by delaying her attempt to depose witnesses until over 2 months after she filed her appeal. PFR File, Tab 1 at 8. An administrative judge has broad discretion to control the proceedings before him, including the discretion to rule on discovery-related matters. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016); *Key v. General Services Administration*, 60 M.S.P.R. 66, 68 (1993). Absent an abuse of discretion, the Board will not find reversible error in such rulings. *Kingsley*, 123 M.S.P.R. 365, ¶ 16; *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 21 (2015). We need not decide, however, whether the administrative judge abused his discretion in delaying depositions because, as noted above, the depositions were held and, on remand, the administrative judge shall afford the appellant the opportunity to submit the deposition transcripts into the record.

<u>The appellant's failure to preserve her objection to the administrative judge's failure to address the subpoena request precludes her from raising the matter on review.</u>

The appellant claims on review that the administrative judge failed to rule on her request for a subpoena for former agency Chief Executive W.S. PFR File, Tab 1 at 9. The record shows that the appellant filed a request for the subpoena on September10, 2018, and the administrative judge never ruled on the request. IAF, Tab 14. The record also shows, however, that the appellant did not raise the outstanding subpoena request during an October 15, 2018 conference call convened specifically to address outstanding discovery disputes or during the October 30, 2018 close of record conference. IAF, Tabs 15, 25. In fact, there is no indication that the appellant raised the outstanding subpoena issue at any point during the proceedings below.

The Board has held that a party is obliged to preserve for the Board's review her objection to the administrative judge discovery rulings. *Vores v.*

*Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd,* 324 F. App'x. 883 (Fed. Cir. 2009); *see Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (finding that a party's failure to timely object to rulings on witnesses precludes his doing so on petition for review). Thus, while the administrative judge should have ruled on the motion, having not raised the matter again during the following over 2 months during which the parties were actively litigating the appeal, including several discovery disputes, the appellant cannot be said to have preserved her objection to the administrative judge's failure to rule on the motion. Thus, on remand, the administrative judge need not address the appellant's requested subpoena.[7]

The administrative judge did not err by referring to the documents from another Board appeal in his initial decision.

In her petition for review, the appellant argues that the administrative judge erred by relying on the agency's submission of material from an appeal filed by another employee separated as a result of the same RIF action that resulted in the appellant's separation but not allowing her to cite to material filed in the other employee's appeal. PFR File, Tab 1 at 23. The other appeal is *Little v. Corporation for National and Community Service*, MSPB Docket No. DC-0351-17-0747-I-1. In the initial decision, the administrative judge explained that the two cases were not consolidated and he "*never* instructed the parties to rely freely on pleadings submitted in the [*Little*] RIF appeal that were not separately filed in the course of this appeal." ID at 13-14 (emphasis in original). The material from the *Little* appeal, including witness depositions and affidavits, relied on by the administrative judge were all submitted into the record in the instant appeal. IAF,

---

[7] Largely related to the party's discovery disputes and the production of the deposition transcripts, the appellant accuses the agency of acting in bad faith during the proceedings. PFR File, Tab 1 at 14-16. We find no evidence that the agency was acting in bad faith. The representatives are reminded that, while attorneys are to zealously represent their clients, they are also to work with one another and the administrative judge in a cooperative fashion.

Tabs 17, 35, 46-49. In contrast, the appellant did not submit the evidence she attempted to rely on into the record in this appeal, but instead cited to the record in the *Little* appeal. Thus, contrary to the appellant's argument, the administrative judge did not consider record evidence from another Board appeal, but considered evidence submitted by a party in the case at bar. [8]

---

[8] The day after filing its response to the petition for review in this appeal, the agency made a submission to the Clerk of the Board seeking to file an additional pleading. PFR File, Tab 4. The Clerk of the Board rejected the submission and afforded the agency the opportunity to file a motion requesting leave to file an additional pleading. PFR File, Tab 4. The agency then filed a motion for leave to file an exhibit that had inadvertently been omitted from the agency response to the petition for review. PFR File, Tab 5. The Clerk granted the motion and the agency submitted the exhibit. PFR File, Tabs 7, 8. The appellant then filed a motion to strike pages 10-21 of the exhibit, because it references the *Little* appeal. PFR File, Tab 9. For the reasons discussed in the text, we deny the appellant's motion. Subsequently, the appellant made an additional submission that the Clerk rejected, informing the appellant that she could file a motion requesting leave to file the additional pleadings and that the Board would inform her later of its decision to grant or deny her request. PFR File, Tab 10. The appellant filed such a motion and identified the submission she wanted to make as portions of a deposition transcript. PFR File, Tab 12. The agency opposed the appellant's motion. PFR File, Tab 15. In light of our decision finding that the administrative judge improperly excluded the deposition transcripts, remanding the appeal for additional proceedings, and instructing the administrative judge to issue a new initial decision, we need not address the appellant's motion. The appellant will be afforded the opportunity to file additional submissions consistent with the administrative judge's order and the Board's regulations.

**ORDER**

For the reasons discussed above, we remand this appeal to the Washington Regional Office for a hearing and issuance of a new initial decision adjudicating both the appellant's allegations that, in effecting her separation by RIF, the agency committed the prohibited personnel practice of discrimination based on race, color, and age, and the merits of the RIF action.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.