**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 22**

Docket No. CB-7521-18-0009-T-1

**Department of Health and Human Services,**

**Petitioner,**

**v.**

**Pere J. Jarboe,**

**Respondent.**

August 2, 2023

Pere J. Jarboe, Annapolis, Maryland, pro se.

Elizabeth Mary Hady, Esquire, and Jacqueline Zydeck, Esquire, Chicago, Illinois, for the petitioner.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**OPINION AND ORDER**

¶1      The respondent has filed a petition for review of the initial decision, which found good cause for his removal under 5 U.S.C. § 7521.  For the reasons set forth below, we DENY the respondent's petition and AFFIRM the initial decision as MODIFIED to (1) address the respondent's argument regarding the authority of his employing agency to bring this complaint before the Board, (2) address the respondent's additional argument regarding the potential disqualification of the presiding administrative law judge (ALJ), and (3) clarify that the agency has discretion to take any action consistent with the Board's good cause determination.

BACKGROUND

¶2    The agency has employed the respondent as an ALJ since 2006. Complaint File (CF), Tab 1 at 78-79.  He served most recently as a supervisory ALJ.  *Id.* at 81.  In January 2018, the agency filed a complaint with the Board seeking to remove the respondent for his alleged failure to properly adjudicate Medicare appeals, supervise his staff, and follow supervisory instructions.  *Id.* at 3.  Regarding the respondent's adjudication of Medicare appeals, the agency specified that the respondent had failed to properly conduct hearings and failed to produce legally sufficient and comprehensible decisions on more than 30 occasions and that he engaged in improper ex parte communications with a party.  *Id.* at 7.  Regarding the respondent's supervision of staff, the agency specified that the respondent failed to assign sufficient work to two employees under his supervision, failed to cooperate with management's efforts to address performance issues, and failed to alter an employee's performance standards to accurately reflect the agency's expectations for her performance.  *Id.* at 20.  As to the respondent's alleged failure to follow instructions, the agency specified that the respondent failed to follow instructions to provide a plan for managing a subordinate employee's work and that he failed to provide information during an interview regarding his assignment of work to the same subordinate employee.  *Id.* at 30.

¶3    After holding a hearing on the agency's complaint, the Board's presiding ALJ issued an initial decision finding good cause for the respondent's removal.  CF, Tab 164, Initial Decision (ID).  Specifically, he found that the agency proved three of its five specifications of failure to properly adjudicate Medicare appeals and both specifications of failure to follow instructions, but that it failed to prove any specifications of failure to properly supervise staff.  ID at 17-74.  The presiding ALJ further found that the respondent failed to prove any of his affirmative defenses.  ID at 74-80.  Then, after analyzing the relevant *Douglas* factors and other considerations, the presiding ALJ determined that good cause

existed to remove the respondent. ID at 80-93. Notably, in his initial summary of the decision, the presiding ALJ further stated that the respondent "is removed from his position as an ALJ." ID at 4.

¶4    The respondent has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 3. He argues that the entity that sought his removal before the Board lacked delegated authority to do so. *Id.* at 4. The respondent further argues that the presiding ALJ improperly considered certain records in violation of the Privacy Act. *Id.* He also argues that the presiding ALJ should have recused himself due to a conflict of interest and that the presiding ALJ did not have properly delegated authority to hear the appeal. *Id.* at 13-14, 19-25. The agency has filed a response in opposition to the petition for review, PFR File, Tab 9, and the respondent has filed a reply, PFR File, Tab 12.

## ANALYSIS

¶5    The respondent first argues that the Office of Medicare Hearings and Appeals (OMHA) lacked delegated authority to seek his removal. PFR File, Tab 3 at 4. Specifically, he argues that by statute he and other ALJs are under the direct supervision of the Department of Health and Human Services and that the Secretary of Health and Human Services did not delegate authority to OMHA to initiate actions like the present complaint. *Id.* The respondent raised essentially this same argument below, IAF, Tab 4 at 2-3, but the presiding ALJ did not specifically address this argument in the initial decision. Instead, the presiding ALJ briefly addressed several of the respondent's other claims and found that his "pleadings lack focus or merit, and [that] he abandoned some of his purported defenses by withdrawing them or presenting no evidence in support." ID at 75. It is unclear whether the presiding ALJ intended that general finding to address the respondent's argument regarding the authority of OMHA. However, given

that the respondent specifically raises that argument on review, we modify the initial decision to address it specifically.

¶6    Under 5 U.S.C. § 7521, "the agency in which the [ALJ] is employed" may take an action against the ALJ upon a finding of good cause by the Board. 5 U.S.C. § 7521(a).  The statute does not require that the complaint be signed or authorized by any particular individual.  Thus, we find that the complaint in this matter, which was filed by attorneys from the Department of Health and Human Services on behalf of that agency and its subagency OMHA, IAF, Tab 1 at 1, 3, is consistent with the governing statute.  Moreover, as we recently clarified in *Social Security Administration v. Levinson*, 2023 MSPB 20, ¶¶ 37-38, the Board's finding of good cause for removal does not bind the employing agency to actually remove the respondent, but instead only authorizes the employing agency to remove the respondent.  We therefore need not opine on which agency official may exercise removal authority after the Board has made its good cause determination.

¶7    Additionally, even if the respondent could show that the complaint was not signed by the proper individual or that there was some other problem with the delegations of authority relating to the filing of his complaint, such procedural error would only warrant reversal of the initial decision if the respondent could show that it was harmful, i.e., that the complaint likely would not have been filed in the absence of that error.  *See Canary v. U.S. Postal Service*, 119 M.S.P.R. 310, ¶¶ 9-12 (2013) (treating a claim regarding the replacement of the proposing and deciding officials in a chapter 75 removal action as a claim of harmful procedural error).  Applying that standard, we find that the appellant has not shown that any error by the agency regarding the authority to file the complaint in this matter was harmful.[1]

---

[1] The appellant also argues that the presiding ALJ did not have proper delegated authority to adjudicate his case.  PFR File, Tab 3 at 19-24.  However, the Board has

¶8 The respondent also argues that the presiding ALJ improperly considered personnel records that should have been destroyed years earlier. PFR File, Tab 1 at 4. On petition for review, he fails to explain how the consideration of these records was improper or why any error in considering the records was harmful. We therefore find that the respondent failed to show that the presiding ALJ's consideration of those documents warrants reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶9 The respondent next argues that the removal was improper because the only action the agency took before seeking his removal was a counseling. PFR File, Tab 1 at 5. We have, in certain cases, wrongly suggested that the Board "selects" or makes the "choice" of penalty in a case arising under 5 U.S.C. § 7521. *See, e.g.*, *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 47 (2010) (stating that "it is the Board, rather than the employing agency, which selects the appropriate penalty"), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011); *Social Security Administration v. Steverson*, 111 M.S.P.R. 649, ¶ 18 (2009) (stating that "the choice of the penalty is for the Board"), *aff'd per curium*, 383 F. App'x 939 (Fed. Cir. 2010). However, the Board clarified in *Levinson* that its finding of good cause for removal does not bind the employing agency to actually remove the respondent, but merely authorizes it to do so. *See Levinson*, 2023 MSPB 20, ¶¶ 37-38. The employing agency retains discretion to take the Board-approved action, impose a lesser sanction, or take no action at all. To the extent we

specifically delegated authority to ALJs to adjudicate agency complaints under 5 U.S.C. § 7521. *See* 5 C.F.R. § 1201.140(a); MSPB, *Organization Functions and Delegations of Authority* at 20-21 (2011), https://www.mspb.gov/foia/files/Organization_Functions_and_Delegations_of_Authority_1279407.pdf (last visited Aug. 2, 2023). We therefore find that the respondent has not shown that the presiding ALJ lacked delegated authority.

previously have stated otherwise, we hereby overrule those decisions in part with regard to this issue.

¶10     It remains the case, however, that in original jurisdiction cases under 5 U.S.C. § 7521, when determining whether good cause exists to take the agency's requested action, the Board considers the factors articulated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1980). *Levinson*, 2023 MSPB 20, ¶¶ 41-49; *Long*, 113 M.S.P.R. 190, ¶¶ 47-54; *Steverson*, 111 M.S.P.R. 649, ¶¶ 18-20. Here, the presiding ALJ noted the respondent's lack of disciplinary history other than a single counseling. ID at 85. Thus, in weighing the relevant aggravating and mitigating factors, the presiding ALJ found that the respondent's lack of prior discipline was a significant mitigating factor. *Id.* However, the presiding ALJ found that the mitigating factors in this case were outweighed by the nature and seriousness of the petitioner's proven misconduct and the adverse effect of his actions on agency operations. ID at 92; *see Levinson*, 2023 MSPB 20, ¶ 42 (the Board considers first and foremost among the *Douglas* factors the seriousness of the misconduct and its relationship to the employee's position and duties). We find no error in the presiding ALJ's consideration of the relevant factors or his determination that good cause exists for the petitioner's removal.

¶11     During the processing of the complaint, the respondent requested that the presiding ALJ disqualify himself. IAF, Tab 107. He offered several justifications for his request. First, he noted that the presiding ALJ had been quoted in a news article regarding the interpretation of the U.S. Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), in which the Court held that ALJs of the Securities and Exchange Commission are officers of the United States whose appointments must comply with the Appointments Clause of the U.S. Constitution. IAF, Tab 107 at 2, 9-14. The respondent also asserted that the presiding ALJ's activities as a member and officer of the Federal Administrative Law Judge Conference warranted his

disqualification from this matter. *Id.* at 3. The presiding ALJ issued an order addressing each of the respondent's asserted grounds for disqualification and denying his request. IAF, Tab 115. The respondent then requested that the presiding ALJ certify the disqualification issue for interlocutory appeal to the Board, IAF, Tab 125, but the presiding ALJ denied that request as well, IAF, Tab 131. On petition for review, the respondent reiterates several of the grounds for disqualification he raised below, and further argues that the presiding ALJ should have recused himself because one of the agency's witnesses in this case was the presiding ALJ's superior at another agency several years before the events at issue in this case. PFR File, Tab 3 at 13-14.

¶12 In determining whether an administrative judge should be disqualified on grounds other than bias, the Board's policy is to follow the standard set out at 28 U.S.C. § 455(a).[2] *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 20 (2010).

> Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Although the Board is not bound by section 455(a), inasmuch as the Board is not a court, the Board has held that it "see[s] no reason not to look to the rule and case law arising from 28 U.S.C. § 455 where relevant . . . ." The goal of section 455(a) is to avoid even the appearance of partiality. Thus, the test applied under section 455(a) is not whether a judge is in fact biased or prejudiced, but whether a judge's impartiality might reasonably be questioned. In enacting section 455(a), Congress created an objective standard under which disqualification of a judge is required when a reasonable person,

---

[2] Although this matter was heard by an ALJ rather than an administrative judge, we see no reason to apply a different standard for disqualification to ALJs. As we noted in *Lee*, at least one court of appeals has held that ALJs who are employed by the agencies whose actions they review cannot be held to the "mere appearance of impropriety" standard of 28 U.S.C. § 455(a). *Lee*, 115 M.S.P.R. 533, ¶ 20 n.2 (citing *Greenberg v. Board of Governors of Federal Reserve System*, 968 F.2d 164, 167 (2d Cir. 1992)). However, that rationale does not apply to Board ALJs who are reviewing the proposed actions of other agencies. *See id.*

knowing all the facts, would question the judge's impartiality. In applying this standard, it is critically important to identify the facts that might reasonably cause an objective observer to question the judge's impartiality.

*Shoaf v. Department of Agriculture*, 97 M.S.P.R. 68, ¶ 7 (2004) (internal citations omitted), *aff'd,* 158 F. App'x 267 (Fed. Cir. 2005). Applying that standard to the facts of this case, we find that the presiding ALJ did not abuse his discretion in denying the respondent's request for disqualification. We agree with the presiding ALJ that neither his statements regarding *Lucia*, nor his activities as part of a professional organization, would lead a reasonable person to question his impartiality. We have also considered the respondent's assertion that the presiding ALJ previously worked at another agency with one of the witnesses in this matter, but again we find no basis for disqualification. *See Lee*, 115 M.S.P.R. 533, ¶ 22 (finding that the administrative judge's prior employment at another agency with the agency counsel did not provide a basis for questioning her impartiality in the present appeal).

¶13 We further find that the presiding ALJ did not abuse his discretion in denying the respondent's request to certify the disqualification issue for interlocutory appeal. The Board's regulations provide in part that a judge should certify a ruling for interlocutory review if it "involves an important question of law or policy about which there is substantial ground for difference of opinion." 5 C.F.R. § 1201.92(a). The respondent's request to disqualify the presiding ALJ does not present an important question of law or policy, as the Board's standards for disqualification are well established. *See Lee*, 115 M.S.P.R. 533, ¶ 23.

¶14 Having reviewed the record as a whole and the respondent's arguments on review, we concur with the presiding ALJ that the petitioner established good cause for the respondent's removal. We note, however, that the presiding ALJ erred in further stating that the respondent "is removed from his position as an ALJ." ID at 4. The Board itself does not have the authority to remove the respondent. *See* 5 U.S.C. § 7521(a) (providing that "the agency in which the

administrative law judge is employed" may take an action against an ALJ only upon a finding of good cause by the Board).  Moreover, our determination that good cause exists to remove the respondent does not bind the agency to remove the respondent, but merely authorizes it do so.  *Levinson*, 2023 MSPB 20, ¶¶ 37-38.  As stated above, the agency is free to remove the respondent, impose a lesser sanction, or take no action at all.

## ORDER

¶15      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.