**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHANON EGGE,
              Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
              Agency.

DOCKET NUMBER
DE-0752-20-0087-I-1

DATE: September 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Morgan Velasquez, Esquire, and Stephanie Bernstein, Esquire, Dallas, Texas, for the appellant.

Marcus Alonzo Mitchell, Albuquerque, New Mexico, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to merge portions of the conduct unbecoming charge with the failure to maintain a condition of employment charge. We further MODIFY the initial decision to clarify the standards for analyzing claims of sex and age discrimination and retaliation for equal employment opportunity (EEO) activity, still finding that the appellant failed to prove her affirmative defenses. Except as expressly modified herein, we AFFIRM the initial decision and SUSTAIN the agency's removal penalty.

## BACKGROUND

The appellant was employed as a Supply Technician by the Forest Service. Initial Appeal File (IAF), Tab 5 at 16. Her job duties included dispatch operations and mobilization, purchasing goods and monitoring procurement progress, supply transaction processing, and property management and accountability. IAF, Tab 6 at 75-76. To purchase goods for the agency, the appellant used her purchase card account. IAF, Tab 5 at 46-56, 60-61. The agency conducted routine audits of the purchase card account in 2012, 2014, 2016, and 2017, and the results were provided to the appellant. *Id.* The audits revealed that the appellant was missing requisitions, W-9 forms, and receipts, but each time recommended that the purchase card account be renewed. *Id.* In

September 2018, the appellant's second-level supervisor requested an audit of the appellant's purchase card activity. IAF, Tab 5 at 91, Tab 22 at 30. The agency's Regional Agency Program Coordinator for Purchase Card conducted the audit for the period from September 7, 2016, to September 6, 2018, which resulted in various negative findings, including missing requisitions and acceptance of free gifts on six instances. IAF, Tab 5 at 85-89, Tab 22 at 29-30. The reviewer noted that past audits revealed similar violations that were communicated to the appellant, including missing requisitions and W-9 forms, and she recommended that the purchase card account be terminated. IAF, Tab 5 at 88, Tab 22 at 30. Accordingly, a third agency official, the Acting Director of Acquisition Management, terminated the appellant's purchase card account on October 9, 2018, based on 10 negative findings. IAF, Tab 5 at 91-92, Tab 22 at 32-33.

In November 2018, the appellant contacted the agency's EEO office, and in March 2019, she filed a formal EEO complaint alleging sex and age discrimination and retaliation based on prior EEO activity. IAF, Tab 1 at 8-15. The appellant named various responsible management officials, including her second-level supervisor. *Id.*

On April 30, 2019, the agency issued the appellant a notice proposing to remove her from Federal service based on two charges: (1) failure to maintain a condition of employment; and (2) conduct unbecoming a Federal employee. IAF, Tab 5 at 34-35. On May 29, 2019, the agency issued a decision sustaining both charges and removing the appellant from the Federal service. *Id.* at 17-20. Thereafter, the appellant amended her EEO complaint to allege that her removal from the Federal service was discriminatory and retaliatory. IAF, Tab 1 at 11. The agency issued a final agency decision finding that the agency did not discriminate or retaliate against the appellant and advising her of the right to file a Board appeal concerning her removal. *Id.* at 8-31.

The appellant filed a Board appeal. IAF, Tab 1. Though she initially requested a hearing, the appellant later withdrew that request. IAF, Tab 19.

Upon consideration of the pleadings, the administrative judge issued an initial decision affirming the appellant's removal and finding that she failed to prove her affirmative defenses of sex and age discrimination and retaliation. IAF, Tab 31, Initial Decision (ID). The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 6, 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

We affirm the administrative judge's finding that the agency proved Charge 1, failure to maintain a condition of employment, by preponderant evidence.

To prove the charge of failure to maintain a condition of employment, the agency must show by preponderant evidence that (1) the requirement at issue, i.e., maintaining a purchase card, is a condition of employment, and (2) the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014). The Board has also stated that, when the charge consists of the employing agency's withdrawal or revocation of its certification or other approval of the employee's fitness or other qualifications to hold her position, the Board's authority generally extends to a review of the merits of that withdrawal or revocation. *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008).

The administrative judge found that the agency proved each of these elements: the appellant was required to maintain a purchase card as a condition of her employment, the appellant failed to meet that condition of employment when her purchase card account was revoked, and the agency's revocation of the appellant's purchase card authority was proper.[2] ID at 7-14. On review, the appellant asserts, as she did before the administrative judge, that a purchase card

[2] The agency revoked the appellant's purchase card based on 10 negative findings resulting from an audit. IAF, Tab 5 at 91-92. The administrative judge found that the agency submitted evidence sufficient to establish that the appellant accepted free gifts (Finding 10), but that it did not submit evidence to support the other 9 findings. ID at 13-14. Nonetheless, he found that the acceptance of free gifts of a personal nature, in violation of the Federal Acquisition Regulation, was sufficient to support termination of the appellant's purchase card account. *Id.*

was not necessary to perform her role as Lead Supply Technician. PFR File, Tab 6 at 10-11.

We disagree with the appellant's position and agree with the administrative judge's findings. The administrative judge noted that the appellant's position description states that purchasing goods and monitoring procurement progress constitutes 25 percent of the position's duties. ID at 8-9; IAF, Tab 6 at 75-76. The appellant's second-line supervisor stated that the Supply Technician position conducts "many hundreds, if not thousands of credit card transactions in a year" and that "ordering and purchasing" is one of three main responsibilities of the position. ID at 8-10; IAF, Tab 22 at 22-23. The agency confirmed that the appellant processed an average of 213 transactions per year with an average yearly dollar amount of approximately $132,873 for fiscal years 2016 through 2018. IAF, Tab 5 at 21. The administrative judge considered and rejected the appellant's argument that using her purchase card did not, or should not, constitute a major portion of her duties, finding her assertion that her "purchasing responsibilities have been substantially decreased" insufficient to overcome the agency's evidence on this point and noting that, absent evidence of bad faith or patent unfairness, the Board defers to the agency's requirements that must be fulfilled for an individual to qualify for appointment to, or to retain, a particular position. ID at 9-10 (citing *Thompson v. Department of the Air Force*, 104 M.S.P.R. 529, ¶ 9 (2007)). We find no reason to disturb the administrative judge's findings.

The appellant also argues on review that the position description no longer accurately reflects the nature of her job duties because it has not been updated since 1998. PFR File, Tab 6 at 11. However, we find this argument unavailing given the testimony set forth above. To the extent the appellant raised other arguments regarding the agency's alleged failure to place her on notice regarding past instances of inappropriate behavior, notice is not part of the burden of proof for the charge of failure to maintain a condition of employment, but rather goes to

the factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), which are discussed below. Accordingly, we affirm the administrative judge's findings and sustain Charge 1.

<u>We affirm the administrative judge's finding that the agency proved Charge 2, conduct unbecoming a Federal employee, by preponderant evidence.</u>

To prove a charge of conduct unbecoming a Federal employee, the agency must prove that the employee engaged in the conduct as described in the charge and that such conduct was improper, unsuitable, or detracted from her character or reputation. *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 42 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011), *and overruled on other grounds by Department of Health and Human Services v. Jarboe*, 2023 MSPB 22, ¶ 9. Conduct may be deemed unsuitable and detracting from an employee's reputation if it reflects poor judgment on the part of the employee. *Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992).

The administrative judge sustained each of the five specifications of the conduct unbecoming charge. ID at 14-21. As to Specifications A through D, the administrative judge found that the agency proved by preponderant evidence that the appellant used her Government purchase card to place an order with a vendor and accepted free gifts that were personal in nature in violation of the Standards of Ethical Conduct for Employees of the Executive Branch and the Federal Acquisition Regulation (FAR). ID at 13-17. On review, the appellant does not dispute that the conduct occurred or that it violated the Standards of Ethical Conduct or the FAR. PFR File, Tab 6 at 12-14; IAF, Tab 24 at 8 ("[T]he [a]ppellant admitted to receiving the free gifts mentioned in the specifications . . . ."). Rather, she asserts that acceptance of free gifts from this vendor was "a standard and encouraged practice at the [a]gency" and that the agency was aware of the appellant's conduct but issued no corrective action prior to the proposed removal. PFR File, Tab 6 at 13-14. The administrative judge considered and rejected this argument, finding that the appellant did not offer evidence that any

other employee accepted free gifts of a personal nature to the same extent that the appellant did. ID at 12-13. The appellant has not established a sufficient basis for disturbing the administrative judge's findings as to Specifications A through D.

As to Specification E, the administrative judge found that the agency proved that the appellant failed to properly secure and safeguard documents containing personally identifiable information (PII). ID at 17-21. He considered the appellant's assertion that some of the documents were papers she was working with at the time she was escorted out of the work area and was not permitted time to secure, and he found that there were additional documents beyond those the appellant was working with at the time she was removed containing PII that were unsecured in her work area. ID at 20-21.

On review, the appellant asserts that she was unable to respond to this specification because the agency failed to identify the date on which the alleged misconduct occurred. ID at 14. However, the appellant responded to the allegation in her oral reply and her March 7, 2019 sworn statement, in which she denied leaving documents unsecured on her desk. IAF, Tab 5 at 31, Tab 6 at 10-11; *see Coppola v. U.S. Postal Service*, 47 M.S.P.R. 307, 312 (1991) (holding that, when an appellant comes forward and refutes a charge made against him, the Board cannot find that he was not on notice of that charge). We find that the agency provided the appellant with sufficient information to respond, including the approximate date the documents were discovered, a description of the documents, photos of the location in which the documents were found, and a copy of some of the redacted documents. IAF, Tab 5 at 35, 96. Therefore, we affirm the administrative judge's findings as to Specification E.

Finally, the appellant asserts on review that the administrative judge improperly failed to merge the charges and that the removal must therefore be reversed. PFR File, Tab 6 at 15-16. Charges will merge if they are based on the same conduct and proof of one charge automatically constitutes proof of the other

charge. *Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 5 (2005). We find that the failure to maintain a condition of employment charge based on the acceptance of free gifts should merge with Specifications A through D of Charge 2 because they are based on the same conduct. *See Gunn v. U.S. Postal Service*, 63 M.S.P.R. 513, 516-17 (1994). Specification E of Charge 2, failure to secure PII, constitutes separate and distinct conduct from the allegations described in the failure to maintain a condition of employment charge, and thus Specification E does not merge. Despite our decision to merge a portion of Charge 2 with Charge 1, this does not mean that the duplicative charge is not sustained, and we find no basis to disturb the administrative judge's penalty determination based on merger alone. *See Shiflett*, 98 M.S.P.R. 289, ¶ 12.

We clarify the legal standards concerning discrimination and retaliation claims, and we affirm the administrative judge's finding that the appellant failed to prove her affirmative defenses.

The appellant argues that the administrative judge incorrectly weighed the evidence and applied an incorrect legal standard regarding her affirmative defenses of discrimination (sex and age) and retaliation for EEO activity. We take this opportunity to clarify the applicable legal standard for such claims.

After the initial decision was issued, the Board clarified the proper analytical framework for adjudicating claims of discrimination and EEO retaliation under Title VII. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-25. Under *Pridgen*, the appellant bears the initial burden of proving by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Id.*, ¶ 21. In determining whether the appellant has met her burden, the Board must consider all of the evidence together as a whole. *See id.*, ¶ 24.

On review, the appellant reiterates her arguments that her second-level supervisor harbored discriminatory and retaliatory animus against her and that men within the agency's management team made sexist and ageist comments.

PFR File, Tab 6 at 22-23. Considering the evidence presented by the appellant and the record as a whole, the administrative judge found that the appellant failed to establish that sex, age, or EEO activity played a role in the agency's action. ID at 21-29. As to the appellant's allegations of her second-line supervisor's comments about older employees and specifically older women, the administrative judge found that the appellant failed to establish that her second-level supervisor was biased against women or people over the age of 40 or that such bias could be imputed to other agency officials. ID at 28-29. Considering the evidence in the record and the appellant's arguments on review, we find no basis to disturb the administrative judge's findings that her sex, age, and EEO activity did not play a role in the agency's action. ID at 21-29. Thus, we find that the appellant failed to prove that her sex, age, or EEO activity was a motivating factor in the agency's action and she failed to prove her affirmative defenses of discrimination and retaliation.

We affirm the administrative judge's finding that removal is within the bounds of reasonableness.

The Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306. The U.S. Court of Appeals for the Federal Circuit has stated that "[i]t is not the Board's place to infringe upon an agency's exclusive domain as workforce manager to independently institute a new penalty." *Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1016-17 (Fed. Cir. 2019) (internal citations omitted). When all of the agency's charges are sustained, the agency's penalty determination is entitled to deference and only should be reviewed to determine whether it is within the parameters of reasonableness. *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996).

On review, the appellant largely reasserts the same arguments regarding the penalty that she made before the administrative judge. PFR File, Tab 6 at 16-19.

She argues that the administrative judge gave too much deference to the agency's determination that removal was reasonable, and that the agency failed to "adequately consider" the effect of the offense on the appellant's ability to perform her job, the consistency of the penalty with those imposed on other employees for the same or similar offenses, the clarity with which she was on notice that she was violating the rules, and mitigating circumstances surrounding the offense. *Id.*[3]

As the administrative judge found, the deciding official set forth a detailed penalty analysis, reflecting a reasoned consideration of each of the 12 factors set forth in *Douglas*, 5 M.S.P.R. at 305-06. IAF, Tab 5 at 21-27. Having considered the appellant's arguments, we nevertheless agree with the administrative judge that the deciding official considered the relevant factors and exercised his discretion within the tolerable limits of reasonableness for the reasons set forth in the initial decision. ID at 31-37.

Regarding the appellant's argument that the penalty is inconsistent with those imposed on other employees for the same or similar offenses, we take this opportunity to clarify the relevant legal standard regarding this allegation. PFR File, Tab 6 at 18-19. Following the issuance of the initial decision, the Board issued a decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, which held that broad similarity between employees is insufficient to establish that they are appropriate comparators. The universe of potential comparators will vary from case to case, but it should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant. *Id.*, ¶ 13. Furthermore, the Board held that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or

---

[3] The appellant also asserts that the agency failed to establish "nexus" between the sustained charges and the efficiency of the service. PFR File, Tab 6 at 20. However, she fails to demonstrate any factual or legal error in the administrative judge's reasoned conclusion that the agency established nexus for this job-related misconduct, and we affirm this conclusion. ID at 30.

similar offenses differently. *Id.*, ¶ 14. To the extent the administrative judge relied on *Lewis v. Department of Veterans* Affairs, 113 M.S.P.R. 657 (2010), for the proposition that similarity in misconduct between the appellant and the comparator(s) was sufficient to shift the burden to the agency to explain the difference in treatment, the Board overruled that case in *Singh.* *Singh*, 2022 MSPB 15, ¶¶ 9-11, 14. Nonetheless, we agree with the administrative judge's ultimate determination that the appellant did not establish that any employee engaged in the same or similar offenses for the reasons set forth in the initial decision, and thus the reliance on *Lewis* was immaterial. ID at 34-36.

Based on the foregoing, we conclude that the agency considered all relevant factors and exercised management discretion within the tolerable limits of reasonableness.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.