## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS ROSSMEISSL,<br><br>                    Appellant, | DOCKET NUMBER<br>DE-0842-22-0256-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>                    Agency. | DATE: January 3, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas Rossmeissl, Tucson, Arizona, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision by the Office of Personnel Management finding that he was ineligible to receive annuity benefits under the Federal Employees' Retirement System (FERS) because he had applied for and received a refund of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

his retirement deductions. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

The administrative judge correctly found that, because the appellant received a refund of his FERS deductions after separating from his employing agency, the appellant was ineligible to receive a FERS deferred annuity. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 3; *see* 5 U.S.C. § 8424(a). Further, the appellant has not been reemployed in a covered position since his January 2001 resignation. IAF, Tab 10, Hearing Recording (testimony of appellant); IAF, Tab 4 at 10, Tab 7 at 4. For all of these reasons, he is not entitled to receive an annuity or redeposit his withdrawn deductions. *See* 5 U.S.C. §§ 8422(i), 8424(a).

The appellant's arguments that he was misinformed about the consequences of applying for a refund, that he could not read the fine-print warning of such consequences in the Standard Form 3106, and that he had difficulty hearing the conversation with the employer representative who discussed the refund with him, do not provide a basis to disturb the initial decision. Petition for Review (PFR) File, Tab 1 at 4-6. Federal retirement law does not provide an exception based on insufficient or misleading information about the consequences of

applying for and receiving a refund of retirement deductions, and the Board lacks the authority to award an annuity based on such equitable considerations. *See Conway v. Office of Personnel Management*, 59 M.S.P.R. 405, 412 (1993); *Danganan v. Office of Personnel Management*, 55 M.S.P.R. 265, 269 (1992), *aff'd*, 19 F.3d 40 (Fed. Cir. 1994) (Table)); *Mahan v. Office of Personnel Management*, 47 M.S.P.R. 639, 641 (1991). Further, we have considered the appellant's assertions on review but find that he has not provided a persuasive basis to disturb the administrative judge's finding that he failed to prove his claim that he was misinformed. ID at 4-5.

In addition, we find that the appellant's arguments of adjudicatory bias, prejudice, and improper professional association between the administrative judge and the agency representative provide no basis for disturbing the initial decision. PFR File, Tab 1 at 4-6. The appellant did not file a motion before the administrative judge asking him to withdraw, as required by 5 C.F.R. § 1201.42(b). Further, he has not established his claims on review. In particular, the Board will not infer bias based on an administrative judge's case-related rulings, *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013), and we find that the appellant's broad allegation of bias is insufficient to rebut the presumption of the administrative judge's honesty and integrity, *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). We find that the administrative judge considered the pertinent evidence in the record in finding that the appellant failed to prove by preponderant evidence that he is entitled to the FERS annuity. ID at 2-5; *see Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015) (holding that an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016). Additionally, we see no reason to disturb the administrative judge's findings on review because the administrative judge evaluated the credibility of the evidence and argument presented by the appellant concerning misinformation and the impact of his issues

with his vision and hearing. ID at 4-5; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002).

Further, the appellant has not described or provided evidence of improper comments or actions between the administrative judge and the agency representative on the phone before the hearing started. PFR File, Tab 1 at 4. He states that he picked up indications that they may have known each other or worked with each other in the past. *Id.* We find that these assertions do not provide a reasonable basis for questioning the administrative judge's impartiality. *See* 28 U.S.C. § 455; *Department of Health and Human Services v. Jarboe*, 2023 MSPB 22, ¶ 12; *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶¶ 20-22 (2010).[2] Nor do we find indication of "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[2] To the extent that the appellant asserts that the administrative judge should have referred this matter to a settlement judge and never responded to a phone call he made after the issuance of the initial decision, PFR File, Tab 1 at 4-5, we find that these assertions neither establish any material error in the processing of the appeal nor suggest any bias or impartiality on the part of the administrative judge.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.